## RAWSON & *als. versus* CLARK.

A devise of real estate to T. L. with the proviso, that if he is not then living or should not live to claim and receive the same, then to go to J. S. L., vests the title in T. L. if he is living at the death of the testator.

The legality of the proceedings in the assignment of dower, cannot be contested by one having no interest to be affected thereby.

If the judgment debtor is owner in common of one undivided *half* of an estate in reversion, a levy by his creditor upon one undivided *third* is valid.

It is no objection to the validity of a levy, that neither the appraisers in their certificate, nor the officer in his return state the amount of the debt and fees and charges of the execution levied. This may be made certain on inspection.

Unless more land is taken than enough to satisfy the debt and costs, *as taxed*, the levy cannot be avoided.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

WRIT OF ENTRY. *Nul disseizin* only was pleaded.

The demandant claimed title to the land described in his writ, by virtue of a levy of an execution in favor of demandants against Truxton Lowell.

Whether Truxton had any estate to be levied on depended upon the construction of the will of John Lowell, who devised his real estate to his sons Truxton and John C. to be equally divided between them; provided however, that if Truxton was not then living, or should not live to claim and receive his half, then the whole was devised to John C.

Evidence was produced that Truxton had been in Bath one or more times since the decease of his father.

Dower in the estate of John Lowell was assigned by commissioners appointed by the Judge of Probate to his widow before the levy.

The reversionary right of Truxton in the widow's dower, was a part of the land levied on.

The tenant was in adverse possession of the demanded premises. Objections were made to the legality of the assignment of dower, and to the want of validity in the levy. There were no other objections to the demandant's right to recover.

If the Court should be of opinion, that the demandant had established a *prima facie* right to recover, the default of the tenant, which had been entered by consent, was to stand; otherwise to be taken off and the case sent down for trial.

*Porter & Smith*, for tenant.

1. The premises demanded were not the property of the judgment debtor at the time of the levy. He never *claimed* and *received* his half under the will of his father.

2. The levy is void, because 1st, in the appraisement of the reversionary interest, it was appraised as the debtor's *one-third part*, when by the will, if he took any thing, it was *one-half;* and 2d, in the assignment of dower, no notice was given to Truxton or the appointment of an agent; and 3d, the oath taken by the commissioners was not the one required by the statute, the words " and without favor and affection," being omitted.

3. It no where appears in the appraisers' certificate, or the return of the officer, what the amount of the debt and cost and fees and charges were. Neither does he state that the sum of $1259,47, which the property was appraised at, was in full satisfaction of, and to the amount of said execution and fees and charges, but he adds in conclusion, " I therefore return this execution fully satisfied and all fees and charges." This might be, had he called the amount of the execution ten dollars more than it really was.

*Gilbert*, for demandant.

APPLETON, J. — The plaintiff claims title to the demanded premises by virtue of a levy on the same as the property of Truxton Lowell. The right of Lowell to the estate levied upon, depends upon the construction of a clause in the will of his father, John Lowell, in which, after bequeathing all his real estate to his sons, John C. and Truxton, to be equally divided between them, he adds the further proviso in relation to Truxton, " provided further, that if my son Truxton *is not now living or shall not live* to claim

and receive his half as aforesaid, then I give and devise the whole of my said estate to my son John C., on condition of his maintaining my wife as aforesaid."

When the will was made, it was uncertain in the mind of the testator, whether his son Truxton was then living or not, or if then living, whether he would be alive at the time of his death. It is against that contingency he intends to guard. It is on that account that this provision is inserted. The bequest to Truxton is in the most general terms. The subsequent proviso looks not to any specific act of claiming or receiving, but to his living. If living, the title would vest in him by operation of law. No act of his was necessary to perfect his title; nor was any act contemplated by the testator as necessary to be done. All the will requires is that he should be alive at the death of the testator, and that such was the case is not questioned.

The Judge of Probate, by R. S., c. 95, § 3, may assign dower to the widow "when her right of dower is not disputed by the heirs or devisees." The tenant is neither heir nor devisee, nor does it appear that the right of the widow was disputed by the heirs or devisees. Neither does it appear that the tenant has any interest in the estate, which will be interfered with by the assignment as made. The return of the Commissioners shows that all interested in the estate were legally notified, though the mode and manner of giving such notice is not specifically set forth. It appears however, that one of the owners of the reversion acknowledged notice, and formally assented in writing to the assignment of the commissioners. From the decree of the Judge of Probate there has been no appeal. But it is not necessary to determine whether the dower be well assigned or not, as the tenant is not shown to have any estate authorizing him to control its legal assignment.

An objection is taken to the levy because it was made upon one-third of the reversion only, when the judgment debtor in fact owned one half thereof. No reason is perceived why a creditor may not levy according to the exigen-

cy of his demand.   To say that a levy should not be made on less than the fraction of the debtor, where the estate is in common, would be practically to defeat the right of all whose demands are less in value than the interest of the debtor.   The debtor may convey by deed any assignable portion of his estate in common.   The creditor may in like manner levy on any part of that interest that may be needed to satisfy his demand.   The case is within the express language and the obvious intention of R. S., c. 94, § 11.

By the return of the officer, it appears that both of the judgment debtors were resident without the county, and having no attorney within the same.   No notice therefore was required to be given. R. S., c. 94, § 11.   In such case the duty devolves on the officer to choose two appraisers, which it appears he has done.   When the officer in his return of an extent, stated that he chose two of the appraisers, the debtor not being within the State, nor within his knowledge, the return was held sufficient.   *Cooper* v. *Bisbee*, 4 N. H., 329.

An objection is taken that it does not appear what was the amount of the debt, and the costs and charges.   That is certain, which may be made certain.   The amount of the execution and the interest accruing thereon, can be ascertained from the data before the Court.   The remaining charges are those of the officer.   To avoid a levy, it must appear that more than enough land to satisfy the debt and costs was taken.   *Thayer* v. *Mayo*, 34 Maine, 141.   It has been held that a levy was not void, because the officer taxed a gross sum for his expenses.   *Tibbetts* v. *Merrill*, 3 Fairf. 122.   A levy is not void because the officer taxed and caused to be satisfied in the extent, fees not authorized by law. *Sturdevant* v. *Frothingham*, 1 Fairf. 100.   It does not appear that there was any error in the amount taken as and for the debt, or in the fees taxed for the expenses of the levy.   In *Moody* v. *Harvey*, 2 N. H., 495, the appraisers certified that " they set off the land in full satisfaction of the execution, with officer's fees and incidental charges," but

it in no other way appeared at what sum the land was appraised, and it was held that nothing passed by the extent. But in that case the decision was placed on the ground that the land should be appraised at a fixed and definite sum. That has been done in the present case. Besides, the officer in his return states, substantially, all the facts required by R. S., c. 94, § 24, and it is not for the Court to extend the requirements of the statute beyond the expressed will of the Legislature. *Defendant defaulted.*

SHEPLEY, C. J. concurred in the result only. — TENNEY, RICE and CUTTING, J. J., concurred.